1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   L.C. LOPEZ,

11              Plaintiff,                    No. CIV S-04-0822 LKK KJM P

12         vs.

13   D.  BUTLER, Warden, et al.,

14              Defendants.              ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed under 42 U.S.C. § 1983.  By order filed January 3, 2005, plaintiff's complaint was dismissed

18   with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

19         The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

                                           1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint, or portion thereof, should only be dismissed for failure to state a

7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15           Plaintiff alleges he was accused falsely of participating in a prison riot, placed in

16  administrative segregation, found guilty of a rules violation, and transferred to a less favorable

17  prison.  He pursued an administrative appeal and, as a result, received a new hearing, which

18  exonerated him.

19           In most cases, housing a prisoner in administrative segregation does not give rise

20  to a constitutional claim.  Hewitt v. Helms, 459 U.S. 460, 468 (1983),  receded from by Sandin v.

21  Conner, 515 U.S. 372 (1995).  Although California regulations have created a liberty interest in

22  remaining in the general population, the Ninth Circuit has held a prisoner is entitled only to some

23  notice of the charges affecting this interest and an opportunity to present his views in a non-

24  adversarial proceeding.  Toussaint v. McCarthy, 801 F.2d 1080, 1098-99 (9th Cir. 1986).

25  Although plaintiff received a hearing of some sort, it is impossible to determine whether this

26  hearing comported with due process; plaintiff says only that the hearing suffered from

"Numerous Due Process violations."  Amended Complaint (Am. Compl.) ¶ 18.  The court cannot
determine whether this portion of the amended complaint states a civil rights violation; plaintiff
therefore will be given the opportunity to amend, if he can while complying fully with Federal
Rule of Civil Procedure 11.

When an action deprives an inmate of a state-created liberty interest in an
"unexpected manner" and imposes "atypical and significant hardship on the inmate in relation to
the ordinary incidents of prison life," a court must decide whether the procedures used before the
deprivation satisfied due process.  Sandin, 515 U.S. at 484; Wolff v. McDonnell, 418 U.S. 539
(1983).  The factors to be considered are the length of the sentence, the degree of restraint,
whether the action will affect the duration of the inmate's sentence, and the difference in
conditions.  See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996); Ramirez v. Galaza, 334
F.3d  850, 861 (9th Cir. 2003), cert. denied sub nom. McEnroe v. Ramirez, 541 U.S. 1063
(2004).  Plaintiff notes that his term in segregation denied him "all privedges [sic] in relation to
ordinary prison life," but does not describe the differences.  Am. Compl. ¶ 15.  He will be given
an opportunity to amend this portion of his complaint as well.

Plaintiff also suggests that prison officials failed to protect him during the riot, in
violation of his Eighth Amendment rights.  Am. Compl. ¶ 21.  In Farmer v. Brennan, 511 U.S.
825, 833 (1994), the Supreme Court confirmed what the Courts of Appeal had "uniformly held:"
"'prison officials have a duty . . . to protect prisoners from violence at the hands of other
prisoners'" under the Eighth Amendment.  A prison official is not liable, however, "unless the
official knows of and disregards an excessive risk to inmate health or safety; the official must
both be aware of facts from which the inference could be drawn that a substantial risk of serious
harm exists, and he must also draw the inference."  Id. at 837.  It does not appear that plaintiff
suffered any injury in the riot, apart from the unfounded accusation of his participation.  He will
be given the opportunity to amend the complaint to make clear the basis of his Eighth
Amendment claim.

1    The Federal Rules adopt a flexible pleading policy, and the court appreciates

2  plaintiff's brevity, but a complaint still must give fair notice and state the elements of the claim

3  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

4  Plaintiff must allege with at least some degree of particularity overt acts which defendants

5  engaged in that support plaintiff's claim.  Id.  In this case, plaintiff has not tied most of the named

6  defendants to the alleged deprivations of his rights.

7    If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

8  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

9  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

10  must allege in specific terms how each named defendant is involved.  There can be no liability

11  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

12  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

13  633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14  Furthermore, vague and conclusory allegations of official participation in civil rights violations

15  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17  order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

18  an amended complaint be complete in itself without reference to any prior pleading.  This is

19  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

20  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

21  original pleading no longer serves any function in the case.  Therefore, in a second amended

22  complaint, as in an original complaint, each claim and the involvement of each defendant must

23  be sufficiently alleged.

24    Finally,  plaintiff has requested the appointment of counsel.  The United States

25  Supreme Court has ruled that district courts lack authority to require counsel to represent

26  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

1  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

2  counsel under 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

3  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

4  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

5  counsel will therefore be denied.

6          In accordance with the above, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's amended complaint is dismissed.

8          2.  Plaintiff is granted thirty days from the date of service of this order to file a

9  second amended complaint that complies with the requirements of the Civil Rights Act, the

10  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

11  must bear the docket number assigned this case and must be labeled "Second Amended

12  Complaint"; plaintiff must file an original and two copies of the second amended complaint;

13  failure to file a second amended complaint in accordance with this order will result in a

14  recommendation that this action be dismissed.

15          3.  The Clerk of the Court is directed to send plaintiff a copy of the form for filing

16  a civil rights action by a prisoner.

17          4.  Plaintiff's June 3, 2005 motion for the appointment of counsel is denied.

18  DATED: December 7, 2005.

19

20  _____
    UNITED STATES MAGISTRATE JUDGE

21

22

23  2/lope0822.14amd

24

25

26

5