IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONEL CANTU LOPEZ,

      Plaintiff,                      No. CIV S-04-0822 LKK KJM P

     vs.

DIANE BUTLER, Warden, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. On December 27, 2005, he filed a second amended complaint and requested the appointment of counsel.

        As previously noted, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

        Also as previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental

1

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In this complaint, plaintiff alleges that he was accused of participating in a riot and placed in administrative segregation without an administrative hearing, where he was denied privileges available to those in general population. Second Amended Complaint (Sec. Am. Compl.) ¶¶ 13, 14. He alleges specifically that he was unable to attend AA and NA and finish vocational training, conditions imposed on him by the parole board. Sec. Am. Compl. ¶ 15. He names T. Langford, a correctional lieutenant, as the one responsible for the placement.

When an action deprives an inmate of a state-created liberty interest in an "unexpected manner" and imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," a court must decide whether the procedures used before the deprivation satisfied due process. Sandin v. Conner, 515 U.S. 472, 484 (1995); Wolff v. McDonnell, 418 U.S. 539 (1983). The factors to be considered are the length of the sentence, the degree of restraint, whether the action will affect the duration of the inmate's sentence, and the difference in conditions. Sandin, 515 U.S. at 486-87; Keenan v. Hall, 83 F.3d 1083, 1089 (1996), amended on denial of rehearing, 135 F.3d 1318 (9th Cir. 1998).

In Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384 (2005), the Supreme Court found that placement in Ohio's "Supermax" prison imposed an "atypical and significant hardship" on inmates sent to that facility because such inmates were deprived of almost all human contact, were subject to an indefinite confinement, and were disqualified from parole during Supermax confinement. In this case, plaintiff alleges in conclusory fashion that he was denied the privileges accorded to those in general population. Such pleading is insufficient to state a viable claim: he must describe the particular privileges available to others but denied to him. Jackson v. Carey, 353 F.3d 750, 755-56 (9th Cir. 2003).

Plaintiff fares slightly better when describes his inability to undertake those activities important to parole consideration. Nevertheless, he does not link this deprivation with a specific denial of parole. If his failure to participate in these activities was only one factor in the denial of parole, he may not be entitled to proceed under the Civil Rights Act. Compare Zimmerman v. Tribble, 226 F.3d 568, 571-72 (7th Cir. 2000) (transfer to prison without programs does not state a claim, even when participation in programs allowed inmate to earn good time credits, because successful completion of programs not inevitable) with Reed v. McKune, 298 F.3d 946, 954 (10th Cir. 2002) (allegation that inmate was denied parole solely because of failure to participate in programs stated a claim). Plaintiff will be given an

/////

1  opportunity to amend this portion of his complaint, if he is able to do so while complying fully
2  with Federal Rule of Civil Procedure 11.
3        Plaintiff next alleges that he was denied due process when the rehearing on his
4  rules violation was not held within the time limits established by the California Administrative
5  Code.  Sec. Am. Compl. ¶¶ 18-20.  Whatever the limits established by state regulation, however,
6  the requirement of due process in the administrative segregation context is only that hearings be
7  held within a reasonable time.  Hewitt v. Helms, 459 U.S. 460, 476 n.8 (1983).[1]  Plaintiff has
8  alleged no facts to show the delay was unreasonable.  He will be given an opportunity to amend
9  his complaint, if he is able.
10       Finally, plaintiff alleges that defendant Bunnell had the opportunity to prevent the
11 riot that occurred on April 8, 2002, which led ultimately to the injuries plaintiff sustained during
12 the disturbance.  Sec. Am. Compl. ¶ 21.  This allegation states a claim under the Civil Rights
13 Act, and may be included in a further amended complaint.
14       If plaintiff chooses to amend the complaint, he is reminded that he must
15 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
16 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint
17 must allege in specific terms how each named defendant is involved.  There can be no liability
18 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
19 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
20 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
21 Furthermore, vague and conclusory allegations of official participation in civil rights violations
22 are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
23       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

---

[1] Hewitt was receded from on grounds other than relied on here, in Sandin.

4

amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. In the alternative, plaintiff may notify the court within thirty days of the date of this order that he wishes to proceed against defendant Bunnell only and declines to file a third amended complaint.

4. The Clerk of the Court is directed to send plaintiff a form for a civil rights action by a prisoner.

/////
/////
/////
/////
/////
/////

5. Plaintiff's December 27, 2005 request for the appointment of counsel is denied.

DATED: May 22, 2006.

                                   UNITED STATES MAGISTRATE JUDGE

2
lope0822.14ac