IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONEL CANTU LOPEZ,

    Plaintiff,                    No. CIV S-04-0822 LKK KJM P

    vs.

DIANE BUTLER, et al.,

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On November 8, 2006, defendant Bunnell filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition to the motion, and defendant a reply.

I. <u>Standards For A Motion To Dismiss</u>

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Nevertheless, a plaintiff must provide "more than

1

labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corporation v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). To withstand a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965. Nevertheless, "specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (internal quotation, punctuation omitted).

## II. Analysis

In his second amended complaint, plaintiff alleges that he was wrongly accused of participating in a riot and, as a result, was placed in segregation without adequate procedural protections. His placement in segregation meant that he was not able to comply with the recommendations of the Board of Prison Terms; accordingly, the placement has "affected the duration and length of [his] sentence." Second Am. Compl. ¶¶ 13-15. He suffered physical injury to his right wrist when he was placed in handcuffs. Id. ¶ 21. Defendant Bunnell, a Deputy Warden at all times relevant to the action, had the opportunity to prevent the riot but failed to do so. Id. at ¶ 23.

### A. Placement In Segregation

Defendant argues that plaintiff has not stated a claim under the Civil Rights Act because placement in segregation does not give rise to due process protection unless the confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

/////

1    In <u>Sandin</u>, the Supreme Court held that placement in disciplinary confinement did
2 not implicate a liberty interest and thus did not trigger the protections of the due process clause
3 when conditions of that confinement were not "a dramatic departure" from the basic conditions
4 of the inmate's sentence. <u>Id</u>. at 485. The Court also found the inmate was not entitled to due
5 process protections because the disciplinary placement did not "inevitably affect the duration of
6 his sentence." <u>Id</u>. at 487. Plaintiff's challenge to his placement in segregation thus cannot
7 survive defendant's motion to dismiss.

8    Indeterminately sentenced inmates, such as plaintiff, do have a liberty interest in
9 parole, however. <u>See</u>, <u>e</u>.g., <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir. 2003). Plaintiff alleges
10 that because he was held in segregation, he could not fulfill the conditions precedent to his
11 earning a parole date. These allegations are sufficient to withstand defendant's motion. <u>See</u>
12 <u>Reed v. McKune</u>, 298 F.3d 946, 954 (10th Cir. 2002).

13    B.  <u>Injury And The Eighth Amendment</u>

14    Defendant argues that the abrasion caused by the handcuffs is a <u>de minimis</u> injury,
15 which does not give rise to Eighth Amendment liability.

16    In <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002), the Ninth Circuit
17 determined that a claim of <u>de minimis</u> injury is sufficient to allege a violation of the Eighth
18 Amendment, assuming emotional damages are not at issue. The court relied on <u>Hudson v.</u>
19 <u>MacMillan</u>, 503 U.S. 1, 9-10 (1992), in which the Supreme Court held that <u>de minimis</u> uses of
20 physical force are not constitutional violations, with the focus on the force rather than on the
21 injury. Therefore, a prisoner with an Eighth Amendment claim can proceed with a <u>de minimis</u>
22 physical injury claim, so long as the defendant, with culpable intent, exerted more than <u>de</u>
23 <u>minimis</u> physical force and the prisoner seeks other than emotional distress damages. Here,
24 plaintiff seeks compensatory and punitive damages and therefore may proceed.

25 /////

26 /////

C. Causation

Defendant Bunnell argues that plaintiff has not shown that Bunnell was the cause of his placement in segregation or his wrist injury. He bases this argument on plaintiff's allegations that the decision to place him in segregation was made by a Lieutenant Langford after an Officer Hartfield identified him as a participant in the riot, and that plaintiff was injured by the way an unidentified officer placed him in the handcuffs. Motion to Dismiss (MTD) at 3, 5.

The Ninth Circuit explains:

> To sustain an action under section 1983, the plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of a constitutional right.

Venegas v. Wagner, 831 F.2d 1514, 1518 (9th Cir. 1987). Moreover,

> In a section 1983 cause of action the plaintiff must show that the defendants have deprived him of a right. The language of the statute shows this can be a direct or indirect deprivation. It creates liability for any person who "subjects, or causes to be subjected" particular persons to the deprivation of particular rights. Thus, liability under section 1983 can be established by showing that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur.
>
> The causation requirement of sections 1983 and 1985 is not satisfied by a showing of mere causation in fact. Rather, the plaintiff must establish proximate or legal causation.

Arnold v. International Business Machines Corporation, 637 F.2d 1350, 1355 (9th Cir. 1981) (internal citations, quotations omitted). This standard may be satisfied if the actor sets in motion an act or series of acts that the actor knows or reasonably should know would cause others to inflict the constitutional injury. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The chain of causation may be broken by unforeseeable intervening causes. Van Ort v. Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiff has alleged that defendant Bunnell could have, but chose not to, prevent the riot. Second Am. Compl. ¶ 23. This court cannot say at this stage of pleading that it was

4

unforeseeable that an inmate who had not participated would be accused of being a part of the melee and then placed in tight handcuffs and segregation as a result.  Moreover, at this pleading stage, the court cannot say as a matter of law that the actions of Langford and Hartfield and of the unknown officer who placed plaintiff in handcuffs are unforeseeable intervening causes sufficient to absolve defendant Bunnell of liability.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2007.

_____
U.S. MAGISTRATE JUDGE